ALEXANDER KAPLAN (*Admitted Pro Hac Vice*)
MATTHEW E. COOPER (*Admitted Pro Hac Vice*)
OPPENHEIM + ZEBRAK, LLP
461 Fifth Avenue, 19th Floor
New York, New York 10017
Telephone: 212.951.1105
E-mail:  alex@oandzlaw.com
         mcooper@oandzlaw.com

KAREN S. FRANK (State Bar No. 130887)
THOMAS A. HARVEY (State Bar No. 235342)
ABRAHAM M. ANDRADE III (State Bar No. 321264)
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email:  ef-ksf@cpdb.com
        ef-tah@cpdb.com
        ef-ama@cpdb.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| BIG MACHINE MUSIC, LLC; CONCORD MUSIC PUBLISHING LLC; CONCORD MUSIC GROUP, INC.; HIPGNOSIS SFH I LIMITED; HIPGNOSIS SONGS GROUP, LLC; PEERMUSIC III, LTD.; POLYGRAM PUBLISHING, INC.; PULSE 2.0, LLC; RESERVOIR MEDIA MANAGEMENT, INC.; SONGS OF PEER, LTD.; SONGS OF UNIVERSAL, INC.; LYRIC COPYRIGHT SERVICES, L.P.; UNIVERSAL MUSIC – MGB NA LLC; UNIVERSAL MUSIC – Z TUNES LLC; UNIVERSAL MUSIC CORP.; UNIVERSAL MUSICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SHENZHEN QUTUI TECHNOLOGY CO., LTD., <br><br> Defendant. | Case No. 3:22-cv-03517-MMC <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER FOR ALTERNATE SERVICE UPON DEFENDANT SHENZHEN QUTUI TECHNOLOGY CO., LTD.; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> *[Filed Concurrently with Declaration of Matthew E. Cooper; Declaration of Celeste Ingalls; and [Proposed] Order]* <br><br> Date:  January 12, 2024 <br> Time:  9:00 a.m. <br> Ctrm:  7 – 19th Floor <br> Judge: Hon. Maxine M. Chesney <br><br> Trial Date:  None Set |

019382.0001 4871-9926-4148.4            Case No. 3:22-cv-03517-MMC

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER FOR ALTERNATE SERVICE UPON DEFENDANT; MEMORANDUM OF POINTS AND AUTHORITIES

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

# NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on January 12, 2024, at 9:00 a.m., or as soon thereafter as the matter may be heard by the Honorable Maxime M. Chesney, Plaintiffs Big Machine Music, LLC; Concord Music Publishing LLC; Concord Music Group, Inc.; Hipgnosis SFH I Limited; Hipgnosis Songs Group, LLC; Peermusic III, Ltd.; Polygram Publishing, Inc.; Pulse 2.0, LLC; Reservoir Media Management, Inc.; Songs of Peer, Ltd.; Songs of Universal, Inc.; Lyric Copyright Services, L.P.; Universal Music – MGB NA LLC; Universal Music – Z Tunes LLC; Universal Music Corp.; and Universal Musica, Inc. will and hereby do move for an order for alternate service upon Defendant Shenzhen Qutui Technology Co., Ltd.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the accompanying declarations of Celeste Ingalls and Matthew E. Cooper, the exhibits appended thereto, and on such other written and oral argument presented to the Court.

DATED: December 8, 2023         OPPENHEIM + ZEBRAK, LLP

By: /s/ *Alexander Kaplan*
ALEXANDER KAPLAN (*Admitted Pro Hac Vice*)
MATTHEW E. COOPER (*Admitted Pro Hac Vice*)
Attorneys for Plaintiffs

DATED: December 8, 2023         COBLENTZ PATCH DUFFY & BASS LLP

By: /s/ *Abraham M. Andrade III*
KAREN S. FRANK
THOMAS A. HARVEY
ABRAHAM M. ANDRADE III
Attorneys for Plaintiffs

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs Big Machine Music, LLC; Concord Music Publishing LLC; Concord Music Group, Inc.; Hipgnosis SFH I Limited; Hipgnosis Songs Group, LLC; Peermusic III, Ltd.; Polygram Publishing, Inc.; Pulse 2.0, LLC; Reservoir Media Management, Inc.; Songs of Peer, Ltd.; Songs of Universal, Inc.; Lyric Copyright Services, L.P.; Universal Music – MGB NA LLC; Universal Music – Z Tunes LLC; Universal Music Corp.; Universal Musica, Inc. (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby respectfully submits this Motion for an Order for Alternate Service upon Defendant Shenzhen Qutui Technology Co., Ltd. ("Defendant").

## I. INTRODUCTION

Plaintiffs seek an order authorizing alternate service upon Defendant, a foreign corporation, organized under the laws of the People's Republic of China, with its principal office in Shenzhen, China. Alternate service upon Defendant has become necessary because, despite Plaintiffs' efforts to serve Defendant under the Hague Service Convention since August 9, 2022—more than 15 months ago—such service has still not been effectuated. *See* accompanying Declaration of Celeste Ingalls ("Ingalls Decl."). Plaintiffs request an order allowing service upon Defendant by electronic service via email. Such service is authorized, and is reasonably calculated, under the circumstances, to apprise Defendant of the pendency of this action and afford it an opportunity to respond.

## II. BACKGROUND

### A. Procedural Background

Plaintiffs filed this action against Defendant on June 15, 2022. Dkt. 1. The Complaint asserted claims for (1) Direct Copyright Infringement, (2) Contributory Copyright Infringement, and (3) Vicarious Copyright Infringement. On July 7, 2022, Plaintiffs engaged Crowe Foreign Services ("Crowe") to serve process upon Defendant, a Chinese resident, via the Convention on the Service Abroad of Judicial or Extrajudicial Documents in Civil or Commercial Matters (the "Hague Service Convention"). Ingalls Decl., ¶ 2. On August 9, 2022, Crowe submitted the formal Hague Request documents to the Central Authority for China to be served upon Defendant

in accordance with the Hague Service Convention. Ingalls Decl., ¶ 10.

On August 26, 2022, Plaintiffs filed an Administrative Motion to Continue Initial Case Management Conference from September 16, 2022 until June 16, 2023. Dkt. 21. The Court granted this motion. Dkt. 22. Because service under the Hague Convention was not completed, on June 5, 2023, Plaintiffs filed a Second Administrative Motion to Continue Initial Case Management Conference from June 16, 2023 until September 2023. Dkt. 24. The Court granted this motion. Dkt. 25. As service under the Hague Convention still had not been completed, on September 8, 2023, Plaintiffs filed a Third Administrative Motion to Continue Initial Case Management Conference from September 15, 2023 until December 15, 2023. Dkt. 27. The Court granted this motion. Dkt. 28. As of the date of this motion, service under the Hague Convention remains incomplete.

B. **Plaintiffs' Allegations Against Vinkle**

Plaintiffs are major and independent music publishers that create, produce, acquire, license, and otherwise exploit musical compositions, both in the United States and internationally. Plaintiffs allege that Defendant owns and operates the popular music video maker app, Vinkle. Vinkle blatantly violates copyright law by copying and uploading Plaintiffs' musical compositions to the Vinkle app library, and enabling its users to create short "music videos" featuring Plaintiffs' compositions and share them over social media, all without Plaintiffs' authorization. Compl. ¶¶ 2, 6, 43. Vinkle allows users to explore its library of music video "templates" by searching by name of the musical composition included in that template, meaning users can search by artist, song, or musical genre that contains the music they want to sync to their images and videos. *Id*. ¶¶ 4-5, 43-44. Defendant's unauthorized use of Plaintiffs' copyrighted musical works has caused Plaintiffs significant and irreparable harm. *Id*. ¶¶ 8, 67.

C. **Status of Service Upon Vinkle**

Plaintiffs have acted diligently to effect service on Defendant via the Hague Service Convention. Despite such efforts, service has not been completed. As set forth in the accompanying declaration of Celeste Ingalls, Plaintiff retained Crowe to effectuate service upon Defendant under the Hague Service Convention. Ingalls Decl., ¶ 2. Crowe was responsible for

preparing the Request for Service Abroad of Judicial or Extrajudicial Documents, which is required for service under Article 5 of the Hague Service Convention, and was also tasked with translating the same into Chinese. Ingalls Decl., ¶¶ 9-10. Crowe sent a hard copy of all the required materials to the Central Authority in China on August 9, 2022. *Id.*, ¶ 10. Since that date, the China Ministry of Justice database for service has indicated that service is in progress. *Id.*, ¶ 12. For example, Crowe inquired regarding the status of service and received a response on May 24, 2023, stating that the Ministry would do what it can to prompt the Chinese court to complete service. *Id*. Crowe has reached out to the Central Authority on multiple occasions, the most recent being December 6, 2023. *Id.*, ¶ 14. As of December 6, 2023, Crowe has not received any correspondence or Hague certificate from the Chinese Central Authority. *Id.*, ¶ 15. It is expected that all further inquiries submitted to the China Central Authority regarding the status of service would be met with the same lack of information, therefore preventing Plaintiffs from knowing if and when service will be complete. *Id.*.

At this point, a year and a half later, service remains incomplete, and there continues to be no update or response, and no reasonable expectation of an update. *Id.*, ¶ 16.

## III. ALTERNATE SERVICE UPON VINKLE IS NECESSARY, APPROPRIATE, AND SHOULD BE ORDERED.

### A. Alternate Service Upon Vinkle Is Necessary

A Court may direct a method of alternate service when "the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)." *Chung v. Chung Peng Chih-Mei*, 2022 U.S. Dist. LEXIS 223933, at *4 (N.D. Cal. Dec. 12, 2022) (quoting *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002)). As set forth above, service upon Defendant by email is necessary because Plaintiffs' attempt to effect service via the Hague Service Convention has been unsuccessful, despite Plaintiffs' diligent efforts, and there appears to be no end in sight.

Alternate service under Rule 4(f)(3) "is neither a last resort nor extraordinary relief, [and a] Plaintiff need not prove that other methods of service have been impossible or unduly burdensome before requesting the Court authorize an alternative method." *Teetex LLC v. Zeetex, LLC*, 2022

U.S. Dist. LEXIS 161443, at *4 (N.D. Cal. Sep. 7, 2022) (quoting *Rio Props.*, 284 F.3d at 1015). Rule 4(f)(3) is simply "one means among several which enables service of process on an international defendant." *Rio Props.*, 284 F.3d at 1015. Courts within the Ninth Circuit have noted that "service under the Hague Convention . . . is not necessarily preferable to the manners of service permitted by Rule 4(f)(3)." *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 565 (C.D. Cal. 2012).

Where a plaintiff has encountered difficulty in effecting service under the Hague Service Convention, Courts have regularly allowed service by email. *See, e.g.*, *Teetex LLC*, 2022 U.S. Dist. LEXIS 161443, at *9 (allowing service by email after the plaintiff's attempt to serve via the Hague was not effectuated despite the plaintiff's "diligent efforts"). The Advisory Committee Notes to the 1993 Amendment of Rule 4(f)(1) recognize that "[t]he Hague Convention does not specify a time within which a foreign country's Central Authority must effect service, but Article 15 does provide that alternate methods may be used if a Central Authority does not respond within six months." The Notes further provide that when a signatory state is "dilatory or [has] refused to cooperate for substantive reasons . . . resort may be had to the provision set forth in subdivision (f)(3)." *Id.*

Plaintiffs provided all necessary materials to the Chinese Central Authority on August 9, 2022. Ingalls Decl., ¶ 10. More than fifteen months later, service remains incomplete. *Id.*, ¶ 14. Accordingly, Plaintiffs request that the Court order that service upon Defendant may be made electronically by emailing Defendant at the email address associated with Vinkle, as described below. To further ensure that Defendant receives service of the summons, complaint, and associated documents, Plaintiffs can also send them by email and regular mail to Defendant's U.S. trademark counsel. *See* accompanying Declaration of Matthew E. Cooper ("Cooper Decl."), ¶¶ 12-15.

If Plaintiffs are not able to serve Defendant by email, they may wait indefinitely for the Chinese authorities to effectuate service and remain unable to prosecute their case. In similar cases, courts have ordered service by email. For example, *in Teetex LLC*, 2022 U.S. Dist. LEXIS 161443, at *4-5, the court allowed service by email approximately nine months after "Plaintiff

first attempted to serve [defendant] under the Hague Convention in December 2021." "Since that time, Plaintiff's process server has inquired with the Chinese Central Authority on three occasions regarding the status of service on STA and has received no response. The Court finds the circumstances presented by Plaintiff demonstrate that alternative service is warranted in this case." *Id.*; *see also Victaulic Co. v. Allied Rubber & Gasket Co.*, No. 3:17-cv-01006-BEN-JLB, 2020 U.S. Dist. LEXIS 82150 (S.D. Cal. May 8, 2020) (allowing service by email and publication in periodical after more than two-year delay in Hague service); *Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 332 (S.D.N.Y. 2015) (allowing service by email where "Plaintiff timely attempted service through the Hague Convention; has made multiple queries to the Chinese Central Authority; and has diligently kept the Court apprised of these efforts. Nearly eight months after submitting materials to the Chinese Central Authority, however, plaintiff has no indication of when service might be effectuated."); *FKA Distrib. Co., LLC v. Yisi Tech. Co., Ltd.*, No. 17-cv-10226, 2017 U.S. Dist. LEXIS 151679, at *5 (E.D. Mich. Sep. 19, 2017) (allowing service by email on defendant located in China because of delay in service under the Hague Convention).

### B. Alternate Service by Email Upon Vinkle Is Authorized

Federal Rule of Civil Procedure 4(f) allows for three mechanisms to serve a corporation in a foreign country. Service may be achieved "(1) by an internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;" (2) "a method reasonably calculated to give notice," or (3) "by other means not prohibited by international agreement, as the court orders." These methods are limited only by Rule 4(h)(2), which allows for service of a foreign corporation, such as Defendant, "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." No matter the method of service, service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Goes Int'l, AB v. Dodur Ltd.*, 2015 U.S. Dist. LEXIS 50394, at *5-6 (N.D. Cal. Apr. 16, 2015) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

"[T]rial courts have authorized a wide variety of alternative methods of service including

publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney telex, and most recently, email." *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). There is no international agreement specifically prohibiting email service, and email service has been specifically approved of by the Ninth Circuit. *See id.* at 1016 (stating that service by email has become an accepted method of alternate service). Courts within the Ninth Circuit regularly authorize service by email, recognizing that in many cases it is the method most likely to apprise the respective defendants of the actions filed against them, and to allow them to respond. *See, e.g., Trader Joe's Co. v. Desertcart Trading Fze*, 2023 U.S. Dist. LEXIS 102102 (N.D. Cal. June 12, 2023); *Meta Platforms, Inc. v. Arowokoko*, 2022 U.S. Dist. LEXIS 161410 (N.D. Cal. Sep. 7, 2022); *Goes Int'l*, 2015 U.S. Dist. LEXIS 50394, at *5-6.[1]

      **C.**     **Electronic Service Upon Vinkle by Emailing the Translated Complaint to Its Previously listed Email is Reasonably Calculated to Apprise Defendant of the Pendency of This Action and to Afford it an Opportunity to Present its Objections**

Electronic service upon Defendant can be achieved by emailing the Summons, Complaint, and Civil Cover sheet—all translated to Chinese—and other materials filed on the docket in this action to dupaglobal@gmail.com. Cooper Decl., ¶¶ 5, 11. Doing so would comport with due process, as it is reasonably calculated to apprise Defendant of the pendency of this action and to afford Defendant an opportunity to present its objections.

Defendants have held out dupaglobal@gmail.com as their primary form of contact on both the Apple App Store and the Google Play Store, the primary methods by which Vinkle was made

---

[1] Courts in the Northern District of California "disagree as to whether a country's objection to Article 10 of the Hague Convention regarding service by postal mail means that service by email is 'prohibited by international agreement,' although a majority of decision[s] find that there is no such prohibition." *WeWork Cos. v. WePlus (Shanghai) Tech. Co.*, 2019 U.S. Dist. LEXIS 5047, at *6 (N.D. Cal. Jan. 10, 2019) (Judge Davila) (collecting cases and stating that China's objection to Article 10 regarding postal service does not mean that email service is prohibited). This Court recognized the split of authority in a decision allowing email service on a foreign defendant's counsel of record in the United States after difficulties with service under the Hague Convention in China, without further considering the plaintiff's alternative request for leave to serve directly on the Chinese defendant itself. *See Micron Tech., Inc. v. United Microelectronics Corp.*, 2018 U.S. Dist. LEXIS 198125, at *6 & n.3 (N.D. Cal. Nov. 20, 2018) (Judge Chesney) (granting Plaintiff's motion to serve defendant by alternative means).

available to users.  Cooper Decl., ¶¶ 3-5.  On the Apple App Store, Vinkle stated "Have a feature request you would like to see in a future version of the app? Do not hesitate to contact us at DupaGlobal@gmail.com."  Cooper Decl., ¶ 3.  While the Vinkle app listing is no longer live in either app store, counsel for Plaintiffs has confirmed that the DupaGlobal address is still active by confirming that emails sent to this address are not receiving automatic "bounce-backs" indicating that the email address is no longer in service or is otherwise unavailable.  Cooper Decl., ¶¶ 9, 11.[2]  Lack of a bounce-back in response to a test email is a method frequently utilized by courts in this district to determine whether an email address is still active, and therefore reasonably calculated to provide the requisite notice.  *See Goes Int'l*, 2015 U.S. Dist. LEXIS 50394, at *5-6; *D.light Design v. Boxin Solar Co.*, 2015 U.S. Dist. LEXIS 14683, at *8 (N.D. Cal. Feb. 6, 2015).  Accordingly, this Court should find that email service on Defendant comports with due process, as it is reasonably calculated to apprise Defendant of the pendency of this action and to afford it an opportunity to present its objections.

## IV. **CONCLUSION**

Because alternate service upon Defendant has become necessary, is not prohibited, and comports with due process, Plaintiffs request an Order allowing service upon Defendant by email at the dupaglobal@gmail.com email address.

---

[2] Note text available on Vinkle.com indicates that Vinkle is owned by Big Head Brother Investments Limited ("Big Head Bros."), which is based in Shenzen, China.  Cooper Decl., ¶¶ 6-7.  Vinkle.com states that the email address of Big Head Bros. is "hr (at) bigheadbros (dot) cn".  Cooper Decl., ¶ 8.  Upon sending a test email to this email address, Plaintiffs received an automatically generated notification by Microsoft Outlook indicating that "hr@bigheadbros.cn" was unavailable, and their email to that address could not be delivered.  Cooper Decl., ¶10.

One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663
Coblentz Patch Duffy & Bass LLP

DATED: December 8, 2023   OPPENHEIM + ZEBRAK, LLP

By: /s/ *Alexander Kaplan*
ALEXANDER KAPLAN (*Admitted Pro Hac Vice*)
MATTHEW E. COOPER (*Admitted Pro Hac Vice*)
*Attorneys for Plaintiffs*

DATED: December 8, 2023   COBLENTZ PATCH DUFFY & BASS LLP

By: /s/ *Abraham M. Andrade III*
KAREN S. FRANK
THOMAS A. HARVEY
ABRAHAM M. ANDRADE III
*Attorneys for Plaintiffs*

## ATTESTATION OF SIGNATURES

Pursuant to L.R. 5-1(h)(3), each of the other signatories to this document have concurred in the filing of this document.

Dated: December 8, 2023   COBLENTZ PATCH DUFFY & BASS LLP

By: /s/ *Abraham M. Andrade III*
ABRAHAM M. ANDRADE III
*Attorneys for Plaintiffs*